IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTGOMERY CARL AKERS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 3:23-cv-43-DWD |
| NATHAN SIMPKINS, | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner, an inmate at USP Marion, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. It is now before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1]

Petitioner, a restricted filer in civil matters who has at least one other Petition for Writ of Habeas Corpus pending before the Court, was sentenced for a wire fraud offense in the United States District Court for the District of Kansas on November 20, 2006. (Doc. 1, pgs. 1-2); *Akers v. Simpkins*, No. 22-2192 (S.D. Ill. 2022); *USA v. Akers*, No. 4-20089, Doc.

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, while the Petition is filed under § 2241, those rules may be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

208 (D. Kan. 2004). Now, Petitioner indicates a recent decision from the Third Circuit, relating to USSG § 2B1.1, "changed the way a court can sentence in fraud cases[,] applying only 'actual' instead of 'intended' loss calculations." (Doc. 1, pgs. 2, 6); *U.S. v. Banks*, 55 F.4th 246 (3d Cir. 2022). Petitioner states, "[t]he 'intended' loss enhancement in the Guidelines application notes have been held to impermissibly expand the word 'loss' to include both intended loss and actual loss." (Doc. 1, pgs. 2, 6). As such, Petitioner argues he must be resentenced. (Doc. 4, pgs. 6-7).

Petitioner has previously filed motions under 28 U.S.C. § 2255 that were denied. (Doc. 1, pg. 4). However, Petitioner indicates the remedy provided by § 2255 is an inadequate or ineffective means by which to challenge his conviction or sentence because the recent decision by the Third Circuit in *Banks* was "rendered after [his] 2255 and successive 2255 [motions] were handed down." (Doc. 1, pg. 4). Therefore, Petitioner argues § 2241 is the proper vehicle for redressing his claim in this case. (Doc. 1, pg. 4).

Generally, a federal prisoner must collaterally attack his or her conviction or sentence under § 2255. *See Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022) (quoting *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019)). As a matter of fact, in most cases, § 2255 is the exclusive postconviction remedy for a federal prisoner. *See id.* (quoting *Purkey v. U.S.*, 964 F.3d 603, 611 (7th Cir. 2020)). However, if § 2255 is an ineffective or inadequate means for testing the legality of a prisoner's detention, then relief may be granted under § 2241. *See id.* (quoting 28 U.S.C. § 2255(e), which is § 2255's savings clause); *accord Santiago v. Streeval*, 36 F. 4th 700, 705-06 (7th Cir. 2022). This is because, under § 2255(h), second or successive motions are limited to claims of newly discovered

evidence, sufficient to establish innocence, and new and retroactive rules of *constitutional* law. *See Mangine*, 39 F.4th at 447 (citing 28 U.S.C. § 2255(h)). New and retroactive rules of *statutory interpretation* are outside the bounds of § 2255(h), rendering § 2241 potentially applicable through the savings clause of § 2255(e). *See id.* (quoting *Purkey*, 964 F.3d at 611).

A well-established three-part test determines whether a federal prisoner may proceed with his or her statutory interpretation claim under the § 2255(e) savings clause. *See id.* The Court assesses the following: (1) whether the petitioner's claim relies on a case of statutory interpretation, rather than a case of constitutional principles, so it could not be brought in a second or successive § 2255 motion; (2) whether the petitioner could have invoked the case of statutory interpretation, which must apply retroactively, in his or her first § 2255 motion; and (3) whether the error is so grave that it constitutes a miscarriage of justice. *See id.* (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *accord Santiago*, 36 F.4th at 706; *Franklin v. Keyes*, 30 F.4th 637, 637 (7th Cir. 2022); *Gamboa v. Daniels*, 26 F.4th 410, 416 (7th Cir. 2022); *Brown v. Krueger*, 25 F. 4th 526, 528 (7th Cir. 2022).[2]

The Third Circuit in *Banks*, which involved an "argument that the District Court erroneously applied the intended-loss enhancement to his sentence when the victim suffered $0 in actual losses," held "[b]ecause the commentary expands the definition of

---

[2] This test "is not without controversy." *See Mangine*, 39 F.4th at 447. It involves, *inter alia*, "difficult choice of law question[s]," and a question of whether the change in law must come from the Supreme Court. *See id.*; *Guenther v. Marske*, 997 F.3d 735, 741 n.3 (7th Cir. 2021) ("[W]e have not been consistent about whether the change in law must come from the Supreme Court or can come from a court of appeals. [Citation]. Though we have at times said that the new decision must come from the Supreme Court, we have elsewhere said that a new circuit-level decision will suffice."). As the Seventh Circuit recently noted, "the Supreme Court has agreed to hear a case…to resolve a circuit split on the availability of § 2255(e) savings clause relief for statutory interpretation claims." *See Mangine*, 39 F.4th at 447 (citing *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, No. 21-857, --- U.S. ----, 142 S. Ct. 2706, 212 L.Ed.2d 777 (U.S. May 16, 2022)).

'loss' by explaining that generally 'loss is the greater of actual loss or intended loss,' we accord the commentary no weight[] [and] Banks is thus entitled to be resentenced without the 12-point intended-loss enhancement in § 2B1.1." *See Banks*, 55 F.4th at 258.

However, the sentencing guidelines have been advisory and not mandatory since the Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005); *see also Perry v. U.S.*, 877 F.3d 751, 754 (7th Cir. 2017) ("Since *Booker*, the Supreme Court has reinforced its decision that the guidelines are advisory."). The Seventh Circuit has gone on to hold that "the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum." *See U.S. v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014); *accord Hawkins v. U.S.*, 724 F.3d 915, 916 (7th Cir. 2013) ("[A]n error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had…been sentenced in the pre-*Booker* era, when the guideless were mandatory rather than merely advisory." *See Hawkins v. U.S.*, 724 F.3d 915, 916 (7th Cir. 2013).

Therefore, even assuming Petitioner's argument as to *Banks* is correct, including in the context of the first two prongs for determining whether Petitioner may proceed under the § 2255(e) savings clause, Petitioner is not entitled to postconviction relief in the present case. The guideline enhancement at issue was advisory, not mandatory, because Petitioner was sentenced in 2006, after the *Booker* decision. *See USA v. Akers*, No. 4-20089, Doc. 208 (D. Kan. 2004); *Perry*, 877 F.3d at 754; *Coleman*, 763 F.3d at 708-09; *Hawkins*, 724 F.3d at 916. Further, Petitioner's sentence of 327 months of imprisonment was within the

4

non-enhanced statutory maximum of 360 months, which is contained in 18 U.S.C. § 1343. *See USA v. Akers*, No. 4-20089, Doc. 208 (D. Kan. 2004); *see also Hawkins*, 724 F.3d at 917 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly."). Accordingly, the Court **FINDS** Petitioner did not suffer a miscarriage of justice for purposes of § 2255(e). *See Hawkins*, 724 F.3d at 916-17 (noting that the case did not involve a claim of constitutional error, such as a sentence exceeding the statutory maximum; rather, "[t]here [wa]s just a claim that the sentencing judge miscalculated the advisory guidelines range and *might* have given a lower sentence had he not miscalculated it).

For these reasons, the savings clause contained in § 2255(e) affords Petitioner no relief. As such, the Petition for Writ of Habeas Corpus under § 2241 is **DISMISSED with prejudice**. In light of this conclusion, all pending motions (Docs. 2 & 4) are **DENIED as moot**. If Petitioner wishes to appeal this dismissal, he must file a notice of appeal within sixty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B)(iii). A motion for leave to appeal *in forma pauperis* must comply with Federal Rule of Appellate Procedure 24(a)(1). If Petitioner appeals and is granted leave to proceed *in forma pauperis*, he must pay a portion of the appellate filing fee to pursue the appeal (the amount to be determined based on Petitioner's prison trust fund account records for the past six months), irrespective of the outcome of that appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(a)(2), (e)(2). A proper and timely motion under Federal Rule of Civil Procedure 59(e) may toll

the 60-day appeal deadline. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Petitioner need not obtain a certificate of appealability. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**SO ORDERED.**

Dated: March 15, 2023

s/ *David W. Dugan*
───────────────────────────
DAVID W. DUGAN
United States District Judge