IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTGOMERY CARL AKERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-43-DWD |
| | ) |
| NATHAN SIMPKINS, | ) |
| | ) |
| Respondent.[1] | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Petitioner's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) ("Motion"). (Doc. 9).

Petitioner, an inmate at USP Marion, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He was sentenced for a wire fraud offense in the United States District Court for the District of Kansas on November 20, 2006. (Doc. 1, pgs. 1-2); *U.S. v. Akers*, No. 4-20089, Doc. 208 (D. Kan. 2004). In his Petition, Petitioner indicated a recent decision from the Third Circuit, relating to USSG § 2B1.1, "changed the way a court can sentence in fraud cases[,] applying only 'actual' instead of 'intended' loss calculations." (Doc. 1, pgs. 2, 6); *U.S. v. Banks*, 55 F.4th 246 (3d Cir. 2022).[2] Petitioner stated, "[t]he

---

[1]The Petition was filed against Nathan Simpkins. However, Daniel Sproul is the Warden of USP Marion. "[W]hen the [habeas] petitioner is in federal…custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent." *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)).

[2]The Third Circuit in *Banks*, which involved an "argument that the District Court erroneously applied the intended-loss enhancement to his sentence when the victim suffered $0 in actual losses," held "[b]ecause the commentary expands the definition of 'loss' by explaining that generally 'loss is the greater of actual loss or intended loss,' we accord the commentary no weight[] [and] Banks is thus entitled to be resentenced without the 12-point intended-loss enhancement in § 2B1.1." *See*

'intended' loss enhancement in the Guidelines application notes have been held to impermissibly expand the word 'loss' to include both intended loss and actual loss." (Doc. 1, pgs. 2, 6). As such, Petitioner argued he must be resentenced. (Doc. 4, pgs. 6-7).

Petitioner previously filed motions under 28 U.S.C. § 2255 that were denied. (Doc. 1, pg. 4). However, Petitioner indicated the remedy provided by § 2255 was an inadequate or ineffective means by which to challenge his conviction or sentence because the recent decision by the Third Circuit in *Banks* was "rendered after [his] 2255 and successive 2255 [motions] were handed down." (Doc. 1, pg. 4). Therefore, Petitioner argued § 2241 was the proper vehicle for redressing his claim in this case. (Doc. 1, pg. 4).

On March 15, 2023, the Court dismissed the § 2241 Petition with prejudice under *Davenport*, *Booker*, and their progenies. (Doc. 5); *In re Davenport*, 147 F.3d 605 (1998); *U.S. v. Booker*, 543 U.S. 220 (2005). Judgment was entered against Petitioner. (Doc. 6).

On April 6, 2023, Petitioner filed the Motion, arguing "[t]he court has respectfully misapprehended certain facts in finding…the Petitioner does not qualify for the 'savings clause contained in § 2255(e).' " (Doc. 9, pg. 1). He also reiterated the "S. 2241 filing is premised []on a new statutory interpretation of the Third Circuit." (Doc. 9, pgs. 6, 8).

Now, the Court may alter or amend its judgment if Petitioner has clearly established either a manifest error of law or fact or presents newly discovered evidence. *See* Fed. R. Civ. P. 59(e); *Beyah v. Murphy*, 825 F. Supp. 213, 214 (E.D. Wisc. 1993); *accord Bradley v. Wisconsin Dep't of Children and Families*, No. 20-cv-661, 2021 WL 363970, *1 (E.D. Wisc. Feb. 3, 2021). A manifest error is not demonstrated by the disappointment of Petitioner but by the Court's wholesale disregard, misapplication, or failure to recognize

2

controlling precedent. *See Bradley*, No. 20-cv-661, 2021 WL 363970, *1 (quoting *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). In this way, Rule 59(e) performs a valuable function where the Court patently misunderstood a party, made a decision outside the issues presented, or made an error of apprehension rather than reasoning. *See County Materials Corp. v. Allan Block Corp.*, 436 F. Supp. 2d 997, 999 (W.D. Wisc. 2006) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F. 2d 1185, 1191 (7th Cir. 1990)).

Notwithstanding the arguments presented in the Motion, the Court adheres to its prior ruling at Doc. 5. Petitioner has not demonstrated it is necessary for the Court to alter or amend the Judgment under the above-stated authorities. Notably, the same decision as that reached here would have been required under the law of the Tenth Circuit, where Petitioner was sentenced. *See Prost v. Anderson*, 636 F.3d 578, 584-95 (10th Cir. 2011) (holding § 2255(e) does not allow relief under § 2241 in the circumstances discussed here).

Further, since this Court's ruling, the Supreme Court of the United States issued its Opinion in *Jones v. Hendrix*, 599 U.S. ----, 143 S. Ct. 1857, 1863 (2023). By its terms, § 2255(h) bars a prisoner from filing a second or successive motion under § 2255 "based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *See* 28 U.S.C. § 2255(h); *Jones*, 143 S. Ct. at 1863. Therefore, Petitioner seeks to proceed under § 2241 by arguing § 2255 was "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). In *Jones*, however, the Supreme Court held the limitation on second or successive motions in § 2255(h) does not render § 2255 inadequate or ineffective, "such that the prisoner may proceed with his statutory claim under § 2241." *See id.* at 1863-64. In doing so, the

3

Supreme Court expressly held § 2255(e) did not permit "workaround[s]" or "end-run[s]" to § 2255(h), like that allowed by *Davenport* and its progeny, whereby "§ 2255 was 'inadequate and ineffective' under…[§ 2255(e)]—and…§ 2241 was therefore available—when [§ 2255(h)'s] second-or-successive restrictions barred…relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *See id.* at 1867-68.[3] Indeed, the Supreme Court stated: "The inability of a prisoner with a statutory claim to satisfy…[§ 2255(h)] does not mean that he can bring his claim in a habeas petition under the [§ 2255(e)] saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *See id.* at 1869, 1876.

Therefore, assuming *Banks* stands for the proposition articulated by Petitioner in this case, it is still clear that he is entitled to no habeas relief under § 2241 and the post-*Jones* regime. Petitioner, who filed an initial motion under § 2255 in the sentencing court as well as other motions requesting permission from the Courts of Appeal to file a second or successive motion under § 2255(h), invokes *Banks* based on statutory interpretation arguments that were firmly rejected by the Supreme Court in *Jones*.

For these reasons, the Motion is **DENIED**.

**SO ORDERED.**

Dated: August 14, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

---

[3] The Supreme Court expressly abrogated *Davenport* and the other Circuit Court cases that developed such "workaround[s]" or "end-run[s]" to § 2255(h). *See Jones*, 143 S. Ct. at 1867-68.